**Volodymyr Ostapovich VOROBETS,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 04–75780.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Volodymyr Ostapovich Vorobets, a native of the former Union of Soviet Socialist Republics and citizen of Ukraine, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1133 (9th Cir.2004), we grant the petition for review, and remand for further proceedings.[1]

Substantial evidence does not support the IJ's finding that Vorobets failed to establish that his past mistreatment rose to the level of persecution. Vorobets testified and stated in his application that he was repeatedly detained and

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because we grant the petition for review even under the substantial evidence standard, we do not reach Vorobets' contention that we should review the IJ's decision de novo.

interrogated, suffered physical abuse resulting in injuries, and was threatened with death and false charges. *See id.* at 1135. Similarly, the IJ's finding that Vorobets failed to establish that he was persecuted on account of a protected ground is not supported by substantial evidence. Vorobets testified that he was politically active and that his persecutors referenced his political involvement during several of the incidents he described. *See Popova v. INS,* 273 F.3d 1251, 1257–59 (9th Cir.2001) (holding that the "series of events, viewed in their entirety, lead to the conclusion that their occurrence can not be coincidental"). This record compels the conclusion that Vorobets suffered past persecution on account of a protected ground.

Because he showed past persecution, Vorobets is entitled to a rebuttable presumption that he has a well-founded fear of future persecution. *See Ndom v. Ashcroft,* 384 F.3d 743, 756 (9th Cir.2004). The government made no rebuttal arguments before the IJ, the BIA, or this Court, and presented no documentary evidence for that purpose. Consequently, remand for a determination of whether Vorobets is eligible for asylum is not required. *See id.* at 756. Nevertheless, we remand for the exercise of discretion, in the first instance, whether Vorobets should be granted asylum. *See id.*

**PETITION FOR REVIEW GRANTED; REMANDED.**